UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-cv-61140

RODOLFO CAPOTE and BRIAN C. DAWSON,
on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

        Defendant.
_____/

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the parties to this action, Rodolfo Capote (hereinafter referred to as "Capote"), and Brian C. Dawson (hereinafter referred to as "B.Dawson") (hereinafter collectively referred to as "Plaintiffs" or "Class Representatives"), and National Enterprise Systems, Inc. (hereinafter referred to as "NES"), through their respective counsel, have agreed, subject to Court approval following notice to the Florida Class Members and a hearing, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

1

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after notice to the Florida Class Members to confirm that the Agreement and settlement are fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, NES served written notice of the proposed class settlement on the United States Attorney General and the Attorney General for the State of Florida on February 24, 2011.

3. <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(3), this Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Florida Class Members") with respect to the claims asserted in the Lawsuit:

> All Florida residents for whom NES left a pre-recorded telephone message in which NES failed to disclose that the communication was from a debt collector or failed to make meaningful disclosure of its identity in an attempt to collect a debt incurred for personal, family or household purposes arising from an alleged debt due to Bank of America, Verizon Wireless, or Sallie Mae from July 2, 2009 through November 1, 2010.

2

4. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs, Rodolfo Capote and Brian C. Dawson as the Class Representatives and Donald A. Yarbrough, sole practitioner, Donald E. Peterson, sole practitioner, and attorney O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, LTD. as Class Counsel.

5. <u>PRELIMINARY CLASS CERTIFICATION</u> – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   A. The Florida Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

   B. There are questions of law and fact common to the Florida Class Members, which predominate over any individual questions;

   C. The claims of the Plaintiffs are typical of the claims of the Florida Class Members;

   D. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Florida Class Members; and

   E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6.  The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Florida Class Members, especially in light of the benefits to the Florida Class Members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited amount of any potential total recovery for the class.

7.  NOTICES – The Court approves the form and substance of the notice of class action settlement described in ¶ 9 of the Agreement and attached to the Agreement as Exhibit C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed notice is clearly designed to advise the Florida Class Members of their rights. In accordance with the Agreement, the class action administrator shall cause the completed notices to be mailed to the Florida Class Members as expeditiously as possible, but in no event later than 20 calendar days after the Court's entry of this order. The class action administrator shall confirm, and if necessary, update the addresses for the Florida Class Members through standard methodology that the class action administrator currently uses to update addresses which shall include the National Change of Address (NCOA) system. NES shall be responsible

4

for all costs and expenses of sending notice and distributing checks to the Florida Class Members and the cost of administration.

8. EXCLUSIONS – Any Florida Class Member who desires to be excluded from the class must send a written request for exclusion to the class action administrator with a postmark date no later than 50 days after the Court's entry of this order. To be effective, the written request for exclusion must state: the name and case number of this case, the Florida Class Member's full name, address, and telephone number; and that the Florida Class Member wishes to be excluded. The class action administrator shall provide a list of the names of each Florida Class Member who submitted a timely exclusion to counsel for NES and Class Counsel after the deadline passes. A copy of this list will also be filed with the Court along with the Parties' Motion for Final Approval of Class Action Settlement. Any Florida Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

9. ENTRY OF APPEARANCE – Any Florida Class Member may enter an appearance through an attorney if the member so desires within 50 days from the Court's entry of this order.

10. OBJECTIONS – Any Florida Class Member who intends to object to the fairness of this settlement must file a written objection with the Court, at United States District Court, Southern District of Florida, 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301, within 50 days from the Court's entry of this order. Further, any such Florida Class Member must, within the same time period, provide a

copy of the written objection to Class Counsel, Attention: NES Settlement, O. Randolph Bragg, Horwitz, Horwitz & Associates, Ltd., 25 East Washington Street, Suite 900, Chicago, Illinois 60602, and to NES' Counsel, Attention: NES Settlement, Dayle M. Van Hoose, Sessions, Fishman, Nathan & Israel, L.L.C., at 3350 Buschwood Park Drive, Suite 195, Tampa, Florida 33618. To be considered, the written objection must state: the name and number of this case, the Florida Class Member's full name, address, and telephone number; the reasons for his or her objection; and, whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Further, the Florida Class Member must attach to his or her objection any documents supporting the objection. Florida Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

11. **CLAIM FORMS** – The Court preliminarily approves the form and substance of the claim form attached to the agreement as Exhibit D. Pursuant to the Agreement, every Class Member who timely submits a claim form, will be entitled to his or her pro rata share of the $25,000 Class Settlement Fund.

12. **FINAL APPROVAL** – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on Sept. 30, 2011, at 400 N. Miami Avenue, Miami, Florida 33128-1812, Court Room 12-4, commencing at 11:00 A.M., to review and rule upon the following issues:

6

  A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

  B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Florida Class Members and should be approved by the Court;

  C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

  D. To discuss and review other issues as the Court deems appropriate.

  13. Attendance at the Fairness Hearing is not necessary. Florida Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Florida Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Florida Class Members.

  14. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections shall be filed with the Court no later than 7 days prior to the Fairness Hearing. Petitions for attorney's fees and reimbursement of costs and expenses shall be filed by Class Counsel as directed by the Court or pursuant to Rule 54(d)(2).

15. The Agreement and this order shall be null and void if any of the following occur:

   A. The Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

   B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

   C. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

   D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

16. If the Agreement and/or this order are voided per ¶ 15 of this order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

17. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

IT IS SO ORDERED.

DATED: 6/22/11

_____
THE HONORABLE URSULA UNGARO
UNITED STATES DISTRICT COURT JUDGE

\\sfxfs02\prolawdocs\9651\9651-26302\Capote, Rodolfo\305291.doc