**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 10-61140- CIV-UNGARO**

RODOLFO CAPOTE,
on behalf of himself and all
others similarly situated,

        Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

        Defendant.
_____/

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 11-20264-CIV-UNGARO**

BRIAN C. DAWSON,
on behalf of himself and
all others similarly situated,

        Plaintiff,

v.

NATIONAL ENTERPRISE
SYSTEMS, INC. and JOHN
DOES I-V,

        Defendants.
_____/

**JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION**
**SETTLEMENT AGREEMENT AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs, Rodolfo Capote (Capote) and Brian C. Dawson (Dawson) (collectively referred to as "Plaintiffs"), and defendant, National Enterprise Systems, Inc. (NES)

(jointly referred to as the "Parties"), through counsel and pursuant to Fed. R. Civ. P. 23, move this Court for final certification and approval of the proposed class action settlement in this matter. The Parties respectfully show:

## I. INTRODUCTION

1. On July 2, 2010, Capote filed a class action lawsuit (hereinafter referred to as the "Capote Lawsuit"), asserting class claims against NES under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter referred to as the "FDCPA"). Specifically, Capote alleges NES violated the FDCPA by leaving improper telephone messages for consumers.

2. On July 14, 2010, Dawson and his wife, Natalie J. Dawson, filed a class action lawsuit in the Middle District of Florida also alleging NES violated the FDCPA by leaving improper telephone messages for consumers (hereinafter referred to as the "Dawson Lawsuit").

3. NES settled with Natalie J. Dawson individually, and her claims have been dismissed with prejudice.

4. After extensive arms-length negotiations, discovery, and multiple conference calls, on November 29, 2010, the Parties entered a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), attached hereto as **Exhibit 1**. Pursuant to the Agreement and Court Order, the Dawson Lawsuit was transferred to this Court and the Capote and Dawson Lawsuits have been consolidated. (Dkt. 27 and Dkt. 44). The Parties filed the Agreement with the Court on February 17, 2011.

5.     The Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (CAFA), applies in this case, and so, pursuant to 28 U.S.C. § 1715, within 10 days of the filing of the Agreement, NES sent notices of the proposed settlement to the federal and Florida attorneys general.  NES received no responses or objections from the attorneys general.

6.     On June 22, 2011, the Court entered the Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"), attached hereto as **Exhibit 2**.  The Parties engaged a third-party administrator, First Class, Inc. (hereinafter referred to as "First Class"), to mail written notices to each class member and to receive and process claim forms, exclusions, and objections.

7.     As required by the order and Agreement, on July 12, 2011 (14 days from the entry of the Preliminary Approval Order) using the Court approved form, First Class mailed written notice to each Class Member.  *See* **Exhibit 3**, Affidavit of Susan Tsai. The Class Notice informed potential Class Members of their rights under the Agreement, including their rights to file a claim for to receive a check, object to the settlement, or exclude themselves from the settlement.  In order to submit a claim form, exclude themselves or object to the settlement they needed to do so by August 26, 2011.

8.     First Class received 1,160 timely claim forms, 4 requests for exclusion, and no objections.  *See Id.*

9.     Pursuant to Fed. R. Civ. P. 23(e), the Parties now seek final certification and approval of the proposed class action settlement.  Specifically, the Parties request the

Court enter the Final Order and Judgment (hereinafter referred to as the "Final Approval Order"), attached hereto as **Exhibit 4**.

## II. MEMORANDUM OF LAW

**A.     Proposed Settlement.**

As stated above, the Agreement is attached hereto as **Exhibit 1**.  The significant terms of the settlement are set forth below:

### 1.      Certification of a Fed. R. Civ. P. 23(b)(3) Florida Class.

Pursuant to Fed. R. Civ. P. 23 (b)(3), the Parties seek final certification of the following Florida class of plaintiffs (hereinafter referred to as the "Florida Class Members"):

> All Florida residents for whom NES left a pre-recorded telephone message in which NES failed to disclose that the communication was from a debt collector or failed to make meaningful disclosure of its identity in an attempt to collect a debt incurred for personal, family or household purposes arising from an alleged debt due to Bank of America, Verizon Wireless, or Sallie Mae from July 2, 2009 through November 1, 2010.

Ex. 1, Agreement at ¶ 1.C.  NES represents there are approximately 19,235 Florida Class Members.

### 2.      Class Representative and Class Counsel Appointment.

The Court preliminarily appointed Plaintiffs as the class representatives for the Class Members (hereinafter referred to as the "Class Representatives" or "Plaintiffs"), and attorney O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, LTD., attorney Donald A. Yarbrough, sole practitioner, and attorney Donald E. Petersen, sole practitioner, as class counsel (hereinafter referred to as "Class Counsel").  **Exhibit 2**,

Preliminary Approval Order, at ¶ 4.  The Parties propose the Court finally appoint Plaintiffs as Class Representatives and attorney O. Randolph Bragg of the law firm HORWITZ, HORWITZ & ASSOCIATES, LTD., attorney Donald A. Yarbrough, sole practitioner, and attorney Donald E. Petersen, sole practitioner, as Class Counsel.

### 3. Notification Process.

Fed. R. Civ. P. 23(c)(2)(B) requires the Parties provide notice of the settlement to the Florida Class Members.  The Parties, therefore, notified the proposed Class Members of the proposed settlement using the following notification process.  *See* **Exhibit 3**.

On July 12, 2011, First Class sent via U.S. mail a written notice of the proposed class action settlement to each Florida Class Member in the form approved by the Court. *See Id*.

Before mailing the written notice, First Class confirmed and, where necessary, updated the addresses for each Florida Class Member through the National Change of Address (NCOA) system.

### 4. Exclusions and Objections.

Fed. R. Civ. P. 23(c)(2)(B) also requires that the Class Members have an opportunity to exclude themselves from a (b)(3) settlement.  Accordingly, the notice informed the Florida Class Member if he/she desired to be excluded from the class, he/she was required to send a written request for exclusion to the administrator with a postmark date no later than 50 days after the Court's entry of the Preliminary Approval Order.  The Florida Class Member was required to set forth the number and name of this case, his or her full name, address, telephone number and email address (if available),

along with a statement that he or she wishes to be excluded. First Class received 4 requests for exclusion. *See* **Exhibit 3**, Affidavit of Susan Tsai.

Fed. R. Civ. P. 23(e)(5) further provides that Class Members have the opportunity to object to the proposed settlement, and so the notice also instructed Class Members that in order to object to the fairness of the settlement, they were required to file a written objection with the Court by August 26, 2011, and provide a copy of same to Class Counsel and counsel for NES. *See* **Exhibit 1**, Agreement, at ¶ 15. The objecting Class Member was required to state: his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. *Id*. No objections were received. *See* **Exhibit 3**, Affidavit of Susan Tsai.

### 5. Settlement Consideration.

As explained above, the proposed settlement class is a Rule 23(b)(3) settlement class, and, therefore, the settlement consideration is as follows:

#### a. Class Representative Incentive Payment and Settlement.

NES shall pay Plaintiffs, each $3,150 for a total of $6,300, in recognition of their services as Class Representatives and for their individual settlements. *See* Ex. 1 at ¶ 21.A.

#### b. Class Monetary Relief.

NES has identified 19,235 Florida Class Members. NES established a $25,000 Settlement Fund. *Id*. at ¶ 21.B. Within 30 days after Final Judgment Day, each Florida Class Member who timely filed a claim form (see list attached as **Exhibit 3**) will be

mailed via US First Class Mail a settlement check for his/her pro rata share of the Settlement Fund ($21.55).

NES' obligations per this paragraph will be considered fulfilled upon mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cased, *except* that NES will be obligated to take reasonable steps to forward all returned settlement checks, including forwarding all settlement checks returned with a forwarding address to such forwarding address. *Id*. Each settlement check will be negotiable for a minimum of 60 days after it is issued. *Id*.

### c. *Cy Pres* Award.

Any funds from settlement checks un-cashed (*i.e.*, checks not cashed 60 days after the check date) or other undistributed funds shall be awarded to one or more mutually agreed-upon *cy pres* recipient(s), subject to the Court's approval. *Id*. at ¶ 21.C. The Parties propose the *cy pres* award go to the Legal Advocacy Center of Central Florida, Inc. *Id*.

### d. Attorneys' Fees, Costs, and Expenses.

NES agrees to pay reasonable attorneys' fees, costs, and expenses as the Court may award for prosecution of a "successful action" under 15 U.S.C. § 1692k. *Id*. at ¶ 25. The Parties have not yet reached an agreement, but agree they will continue to negotiate in good faith in an attempt to reach an agreement regarding Class Counsel's attorneys' fees, costs, and expenses, to be submitted for Court approval. *Id*. If the Parties are unable to agree, pursuant to Local Rule, Class Counsel will file a motion for approval of reasonable attorneys' fees, costs, and expenses for time spent and costs and expenses

incurred in which case, NES may oppose the amount of fees, costs, and expenses sought. *Id*.  NES shall be afforded an opportunity to file papers objecting to the reasonableness of Class Counsel's hourly rates, the work conducted, the hours spent and of the amount attorneys' fees, costs, and expenses requested by Class Counsel, but not their entitlement to an award of attorneys' fees, costs, and expenses nor the "degree of success."  *Id*.

The Parties and their counsel represent and agree that the consideration to be provided to the Class Members is not contingent on the attorneys' fees, costs, and expenses to be awarded.  *Id*. at ¶ 27.

### 6. Class Action Fairness Act.

As stated above, CAFA applies in this case; accordingly, NES notified the appropriate federal and state officials of the proposed settlement within 10 days of filing the Agreement.  Also, as stated above, no federal or state official objected to the settlement.

### B. The Proposed Settlement Satisfies the Requirements of Fed. R. Civ. P. 23.

"The class-action device was designed as 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'"  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (*quoting Califano v. Yamasaki*, 442 U.S. 682, 700-01).  "Class relief is 'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class.'"  *Id.*  "For in such cases, 'the class action device saves the resources of both the courts and the parties by permitting an issue

potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *Id*. (changes in original).

In the Eleventh Circuit, there is a "strong judicial policy" favoring pretrial settlement of class action lawsuits. *See Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984). "Settlement 'has special importance in class actions with their notable uncertainty, difficulties of proof, and length.'" *Turner v. Gen. Elec. Co.*, 2006 WL 2620275, *2 (M.D. Fla. 2006) (*quoting Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 238 (S.D. Fla. 1988)). Proposed settlements and class certifications for settlement purposes must, nevertheless, satisfy the requirements of Rule 23. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Strube v. Am. Equity Inv. Life*, 226 F.R.D. 688, 695 (M.D. Fla. 2005).

### 1. The Fed. R. Civ. P. 23(a) Requirements are Satisfied.

"In order to obtain class certification, [the Parties] first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation specified in Rule 23(a)." *Murray v. Auslander*, 244 F.3d 807, 810 (11th Cir. 2001). "The Rule states: '(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable [i.e., numerosity], (2) there are questions of law or fact common to the class [i.e., commonality], (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class [i.e., typicality], and (4) the representative parties will fairly and adequately protect the

interests of the class [i.e., adequacy of representation.]" *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000).

The Court has preliminarily ruled that the proposed class satisfies the Fed. R. Civ. P. 23(a) prerequisites. **Exhibit 2**, Preliminary Approval Order, at ¶ 5.

### 2. The Fed. R. Civ. P. 23(b) Requirements are Satisfied.

"In addition to satisfying Rule 23(a)'s prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (b)(2), or (b)(3)." *Amchem Prods., Inc.*, 521 U.S. at 614.

To qualify for certification under Rule 23(b)(3), a class must meet 2 requirements beyond the Rule 23(a) prerequisites: "Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for fair and efficient adjudication of the controversy.'" *Amchem*, 521 U.S. at 615.

The Court has also already ruled that the proposed class satisfies the Fed. R. Civ. P. 23(b)(3) prerequisites. **Exhibit 2**, Preliminary Approval Order, at ¶ 5.

### 3. The Fed. R. Civ. P. 23(e) Requirements are Satisfied.

As stated above, pretrial settlement of class actions is favored. *See Bennett*, 737 F.2d at 986; *Turner*, 2006 WL 2620275 at *2. Rule 23(e), however, "requires judicial approval of any class action settlement." *Bennett*, 737 F.2d at 986. "In order to approve the settlement, the district court must find that it 'is fair, adequate and reasonable and is not the product of collusion between the parties.'" *Id.* (*quoting Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)).

### a. The Proposed Settlement is Fair, Reasonable, and Adequate.

Courts have found that the following factors are useful in determining whether a settlement is fair, reasonable, and adequate: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Id.*; *see also Dolby v. Butler & Hosch, P.A.*, 2006 WL 2474062, *4 (M.D. Fla. 2006). "The fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *Strube*, 226 F.R.D. at 698 (*quoting Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988)).

Application of the factors shows that the proposed settlement should be finally approved in this case. The likelihood of success for the class is uncertain if they were to proceed to trial. The class claims involve unsettled legal issues. Further, NES has numerous defenses that it claims would ultimately defeat the claims of the putative class.

The $21.55 payment to each Florida Class Member is fair and adequate compared to the putative class members' possible recovery at trial. Pursuant to 15 U.S.C. § 1692k, the putative class members' recovery is limited to the lesser of 1% of NES' net worth, or $500,000. The Parties have exchanged discovery regarding NES' net worth and agree the class maximum recovery would be approximately $31,917, making a $25,000 class fund and guaranteed $21.55 check to each Florida Class Member with no effort or investment a good result. As stated above "the fact that a proposed settlement amounts to

11

only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *Behrens*, 118 F.R.D. at 542.

A trial in this case would be expensive and lengthy and early settlement will avoid significant fees and costs to each side. NES' defense is technical and would be expensive to both prove and defend. Trial would deplete NES resources to pay any judgment or possible future settlement.

The parties have received no objections or resistance to the settlement. As stated above, NES provided notice of the settlement to the Attorney General of the United States and the Attorney General of Florida, and neither objected to or resisted the settlement. NES also provided notice to the Florida Class Members, and no Florida Class Member objected to the settlement.

Finally, the Court may take into consideration the "judgment of experienced counsel." *Holmes*, 706 F.2d at 1149; *see also Dolby*, 2006 WL 2474062 at *7. Class Counsel are "seasoned attorneys" and they have determined that "settlement as provided in this Agreement is in [the Parties'] best interest." **Exhibit 1**, Agreement, at pp. 2-3.

> **b.    The Proposed Settlement is not the Product of Fraud or Collusion.**

The Parties negotiated the proposed settlement at arms-length. Plaintiffs did not use the class action procedure to gain a more beneficial settlement for themselves. Plaintiffs' combined $6,300 payment is justified by the settlement of their individual claims for overshadowing and by their willingness to serve as the Class Representatives. *See Dolby*, 2006 WL 2474062 at *5 (finding that more favorable settlement to named

12

plaintiff did not raise concern where justified by the particular circumstances). Moreover, Class Counsel did not use the class action procedure to "garner a larger monetary settlement" than would otherwise have been warranted. *Id.*

### III. CONCLUSION

WHEREFORE, for the reasons set forth above, and pursuant to Fed. R. Civ. P. 23(b)(3), the Parties respectfully request the Court finally certify the proposed class and finally approve the proposed settlement by entering the Final Order and Judgment attached hereto as **Exhibit 4**, and for such other relief as this Court deems proper.

Respectfully submitted,

/s/ Donald A. Yarbrough  
Donald A. Yarbrough, Esq.  
Florida Bar No. 0158658  
P.O. Box 11842  
Ft. Lauderdale, FL  33339  
Telephone: (954) 537-2000  
Facsimile: (954) 566-2235  
donyarbrough@mindspring.com  

Donald E. Petersen, Esq.  
Florida Bar No. 0776238  
Law Offices of Donald E. Petersen  
P.O. Box 1948  
Orlando, FL 32802-1948  
Telephone: (407) 648-9050  
Petersen221@yahoo.com  

Attorneys for Plaintiffs  
and the Florida Class Members

/s/ Dayle M. Van Hoose  
Dayle M. Van Hoose, Esq.  
Florida Bar No. 0016277  
Sessions, Fishman, Nathan & Israel, L.L.C.  
3350 Buschwood Park Drive, Suite 195  
Tampa, FL 33618  
Telephone: (813) 890-2463  
Facsimile: (866) 466-3140  
dvanhoose@sessions-law.biz  

Attorney for Defendant,  
National Enterprise Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September 2011, a copy of the foregoing was served electronically via CM/ECF on the following:

Donald A. Yarbrough, Esq.  
P.O. Box 11842  
Ft. Lauderdale, FL  33339  

Donald E. Petersen, Esq.  
Law Offices of Donald E. Petersen  
P.O. Box 1948  
Orlando, FL 32802-1948

I further certify that a true and correct copy of the foregoing has been sent to the following via email:

O. Randolph Bragg, Esq.
Horwitz, Horwitz &Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
rand@horwitzlaw.com

    /s/ Dayle M. Van Hoose
    Attorney

\\sfnfs02\prolawdocs\9651\9651-26302\Capote, Rodolfo\532044.doc