# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-61140-CIV-UNGARO

RODOLFO CAPOTE,
on behalf of himself and all
others similarly situated,

          Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

          Defendant,
_____/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-61140-CIV-UNGARO

BRIAN C. DAWSON,
on behalf of himself and all
others similarly situated,

          Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

          Defendant,
_____/

### AFFIDAVIT OF SUSAN TSAI
### REGARDING NOTICE OF CLASS ACTION SETTLEMENT

STATE OF ILLINOIS      )
                              )
COUNTY OF COOK      )

I, Susan Tsai, affirm that the following information is true and correct to the best of my knowledge and belief:

1. My name is Susan Tsai, and I am the Case Manager for First Class, Inc. (First Class) that oversaw administration of the settlement in the captioned case. I have personal knowledge of the facts herein.

2. National Enterprise Systems, Inc. (NES) retained First Class to assist with the administration of this class action settlement for the purpose of mailing class notices to the Florida Class Members and processing all claim forms, objections and exclusions.

3. On or about July 12, 2011, First Class mailed the class notices to the Florida Class Members. A copy of the full notice is attached hereto as **Exhibit A** and a copy of the claim form is attached hereto as **Exhibit B**.

4. As provided in the full notice and pursuant to the settlement agreement, Class Members were provided until August 26, 2011 to submit claim forms, objections and exclusions.

5. First Class received 1,160 valid and timely claim forms.

6. First Class received valid and timely exclusions from 4 individuals;

   a. Norbert O. Schmidt of Satellite Beach, FL
   b. Adele P. Rittberg of Hollywood, FL
   c. Joanne Mungroo of Orlando, FL
   d. Meaghan M. McWhirter of Tampa, FL

7. First Class did not receive any objections

8. As of September 21, 2011, a total of 3,830 notices were returned as undeliverable by the U.S. Postal Service.

9. As of September 21, 2011, 561 notices were returned by the U.S. Postal Service with a new address and remailed.

10. This concludes my affidavit.

_____
Susan Tsai
Case Manager, First Class, Inc.

Sworn to and subscribed before me, this 23rd day of September 2011.

NOTARY PUBLIC

Sign: _____

Print: Bailey Hughes

State of IL at Large (SEAL)

My Commission Expires: 05/02/2012

Official Seal
Bailey Katherine Hughes
Notary Public State of Illinois
My Commission Expires 05/02/2012

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-cv-20264

RODOLFO CAPOTE, and
BRIAN C. DAWSON,
on behalf of themselves and all
others similarly situated,

              Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

              Defendant.
_____/

<b><u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u></b>

**TO:** All Florida residents for whom NES left a pre-recorded telephone message in which NES failed to disclose that the communication was from a debt collector or failed to make meaningful disclosure of its identity in an attempt to collect a debt incurred for personal, family or household purposes arising from an alleged debt due to Bank of America, Verizon Wireless, or Sallie Mae from July 2, 2009 through November 1, 2010.

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE MAY CONTAIN IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS.**

**I.**     **<u>INTRODUCTION.</u>**

There is a class action lawsuit pending against National Enterprise Systems, inc. (hereinafter referred to as "NES") in the United States District Court for the Southern District of Florida, entitled and captioned as *Rodolfo Capote and Brian C. Dawson, on behalf of themselves and all others similarly situated v. National Enterprise Systems, Inc.*, Case No. 11-cv-20264 (hereinafter referred to as the "Lawsuit"). This lawsuit was <u>not</u> filed against you. **<u>You are receiving this notice because you have been identified as a member of the class.</u>** As a class member, you are entitled to the benefits described below.

The purpose of this notice is to inform class members of the pendency of the Lawsuit; the proposed settlement of the Lawsuit; and your legal rights, <u>including the process for receiving a settlement check</u>, excluding yourself from the settlement, entering an appearance, or objecting to the settlement.

The terms of the proposed settlement are set forth in detail in the Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is available for review at the office of the Clerk of the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128, or on the Clerk's office website, www.flsd.uscourts.gov.

**II.**     **<u>WHAT IS THE LAWSUIT ABOUT?</u>**

The Lawsuit alleges that NES violated the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, by leaving telephone messages for Florida residents which failed to

meaningfully disclose the identity of NES, failed to disclose the communications were from a debt collector, or failed to disclose the purpose of the communications as required by § 1692e(11) of the FDCPA.

### III. WHO IS IN THE CLASS?

On June 22, 2011, the Court preliminarily certified, for settlement purposes only, a class action on behalf of the following Florida class (hereinafter referred to as the "Florida Class Members"):

> All Florida residents for whom NES left a pre-recorded telephone message in which NES failed to disclose that the communication was from a debt collector or failed to make meaningful disclosure of its identity in an attempt to collect a debt incurred for personal, family or household purposes arising from an alleged debt due to Bank of America, Verizon Wireless, or Sallie Mae from July 2, 2009 through November 1, 2010.

NES' records identified you as a possible Florida Class Member.

### IV. WHO REPRESENTS THE CLASS?

The Court has appointed the following attorneys (hereinafter referred to as "Class Counsel") to represent the Florida Class Members:

Donald A. Yarbrough, Esq.
P.O. Box 11842
Ft. Lauderdale, FL 33339
(954) 396-4433

Donald E. Petersen, Esq.
801 N. Magnolia Ave., Suite 221
Orlando, FL 32802-1948
(407) 648-9050

O. Randolph Bragg, Esq.
Horwitz, Horwitz & Associates, Ltd.
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 564-7551

**CLASS COUNSEL REPRESENT YOUR INTERESTS IN THE LAWSUIT. YOU WILL NOT BE CHARGED FOR THEIR SERVICES. YOU MAY, HOWEVER, HIRE YOUR OWN ATTORNEY AT YOUR OWN EXPENSE TO ADVISE YOU IN THIS MATTER.**

### V. WHAT ARE THE POTENTIAL BENEFITS OF THE PROPOSED SETTLEMENT?

If the proposed settlement is approved by the Court, and all conditions of the settlement are satisfied, NES will pay Rodolfo Capote and Brian C. Dawson, the named plaintiffs, each $3,150, as statutory damages and in recognition of their services as the Class Representatives.

NES will also be obligated to pay each Florida Class Member who does not timely exclude himself or herself from the settlement and **submits a claim for his or her pro rata share of the $25,000** Class Settlement Fund. There are approximately 19,739 Florida Class Members. Class Counsel expects around 10% of the Florida Class Members will return a claim for and that each claimant will likely receive $12.67. Any settlement checks not cashed 60 days after the date on the check or settlement funds otherwise undistributed will be paid over to a consumer charity, Legal Advocacy Center of Central Florida, Inc., for use in consumer representation and education, subject to court approval, for the benefit of the class.

2

### VI. WHAT ABOUT ATTORNEYS' FEES?

NES agrees that Plaintiffs are the successful party and are entitled to an award of reasonable attorneys fees, costs, and expenses payable from NES in an amount to be determined or approved by the Court. The award is in addition to and shall in no manner reduce the amount of benefits due the class. Class Counsel intends to file an application for up to an estimated $100,000 in attorneys' fees, costs, and expenses through Final Judgment. The attorneys' fees and costs will be paid by NES, and will not be taken out of the class settlement fund.

### VII. NO ADMISSION OF LIABILITY.

NES denies that its conduct was wrongful or illegal and has asserted numerous defenses to the claims in the Lawsuit. Class Counsel have conducted an evaluation of the claims asserted in the Lawsuit. After extensive arms-length negotiations with counsel for NES, and after considering the expense and duration of any trial and/or appeal, the inherent problems of proof, and the uncertain outcome and risks of litigation, Class Counsel have concluded that a settlement is in the best interests of the Florida Class Members. The proposed settlement is a compromise of disputed claims. Neither the settlement, nor this notice, is to be construed as an admission or concession of liability by NES.

### VIII. WHAT AM I GIVING UP?

If the Court approves the proposed settlement, unless you exclude yourself from the proposed settlement, you will be barred from bringing your own lawsuit for recovery of any of the Released Claims against the Released Parties, and you shall be deemed to have released the Released Parties from the Released Claims.

"Released Claims" include all claims asserted or that could have been asserted in this lawsuit and "Released Parties" include NES and is officers, employees, and affiliates. Definitions of these terms are found in the Agreement available for review at the Office of the Clerk of the United States District Court for the Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128, or on the Clerk's Office website, www.flsd.uscourts.gov.

### IX. WHAT ARE MY OPTIONS?

1. **If you are a Florida Class Member and agree with the proposed settlement and return your completed claim form no later than August 26, 2011, you will remain in the settlement class and RECEIVE A SETTLEMENT CHECK in the amount of your pro rata share of the Class Settlement Fund.**

2. **If you are a Florida Class Member and agree with the proposed settlement, but do not timely return a completed claim form, you will remain in the settlement class but you will not receive a portion of the Class Settlement Fund.**

3. **If you are a Florida Class Member and desire to do so you may also enter an appearance through an attorney at your own expense.**

4. **If you are a Florida Class Member and wish to be excluded from the class,** you must send a written request for exclusion to **First Class, Inc. / J11382 - Dawson, 5410 W. Roosevelt Rd, Suite 222, Chicago, IL, 60644-1479** with a postmark date no later than **August 26, 2011**. To be effective, the written request for exclusion must be signed by you and must set forth the name and case number of this Lawsuit, your full name, address, and telephone number, along with a statement that you wish to be excluded. If you submit a valid and timely request for exclusion, you shall be excluded from the proposed settlement, you will not be bound by the terms of the Agreement or final judgment, and you

will not be precluded from filing or prosecuting any individual claim you may otherwise have against any of the Released Parties relating to the Released Claims.

5. **If you are a Florida Class Member and do not request to be excluded, you may object to the terms of the proposed settlement**. If you object, you will be barred from bringing your own individual lawsuit against any of the Released Parties relating to the Released Claims, and you will be bound by the Final Order and Judgment and all other orders entered by the Court. If you object to the settlement, you must file a written objection with the Court, at United States District Court, Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128, no later than **August 26, 2011**. Further, you must also, no later than **August 26, 2011**, provide a copy of the written objection to Class Counsel, Attention: NES Settlement, O. Randolph Bragg, Esq., Horwitz, Horwitz & Associates, Ltd., 25 East Washington Street, Suite 900, Chicago, IL 60602, and to NES' Counsel, Attention: NES Settlement, Dayle M. Van Hoose, Esq., Sessions, Fishman, Nathan & Israel, L.L.C., at 3350 Buschwood Park Drive, Suite 195, Tampa, FL 33618. To be considered, the written objection must be signed by you and must set forth your full name, address, and telephone number, along with a statement of the reasons for your objection and whether you intend to appear at the Fairness Hearing. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees, costs, and expenses. If you do not timely make your objection in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

## X. <u>FAIRNESS HEARING.</u>

On **September 30, 2011** the Court shall conduct a hearing (the "Fairness Hearing"), at United States District Court, Southern District of Florida, 400 N. Miami Avenue, Miami, Florida 33128-1812, commencing at **11:00 A.M.**, to review whether the Lawsuit satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23; whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Florida Class Members and should be approved by the Court; whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and, to discuss and review other issues as the Court deems appropriate. Attendance at the Fairness Hearing is not necessary; however, Florida Class Members wishing to be heard are required to indicate in their written objection whether or not they intend to appear at the hearing. The time and date of this hearing may be continued or adjourned without further notice.

## XI. <u>ADDITIONAL INFORMATION.</u>

**PLEASE DO NOT CALL OR WRITE THE COURT OR NES FOR INFORMATION OR ADVICE.**

Please direct any inquiries concerning any matter raised in this notice, contact Class Counsel at: Donald A. Yarbrough, Esq., P.O. Box 11842, Ft. Lauderdale, FL 33339, (954) 396-4433; Donald E. Petersen, 801 N. Magnolia Avenue, Suite 221, Orlando, Florida 32802-1948; or O. Randolph Bragg, Esq., Horwitz, Horwitz & Associates, Ltd., 25 East Washington Street, Suite 900, Chicago, IL 60602 (312) 564-7551.

# EXHIBIT B

First Class, Inc. J11382
5410 W Roosevelt Rd Suite 222
Chicago, IL 60644-1479

## CLAIM FORM

PRESORTED
FIRST-CLASS MAIL
U.S. POSTAGE
PAID
CHICAGO IL
PERMIT NO. 3182

**ELECTRONIC SERVICE REQUESTED**

RE: *Rodolfo Capote and Brian C. Dawson v. National Enterprise Systems, Inc.*
Case No. 10-cv-61140

**I WISH TO PARTICIPATE IN THE SETTLEMENT BENEFITS**

**IMPORTANT:** THIS CLAIM FORM MUST BE POSTMARKED ON OR BEFORE AUGUST 26, 2011 AND MAILED TO THE FOLLOWING ADDRESS:

First Class, Inc. / J11382 - Dawson
5410 W. Roosevelt Rd., Ste 222
Chicago, IL 60644-1479

**PLEASE LEGIBLY PRINT THE FOLLOWING INFORMATION:**

**IF YOUR NAME DIFFERS FROM THAT WHICH APPEARS ON THE MAILING LABEL, PLEASE NOTE THE NAME OF THE PERSON TO WHOM THIS NOTICE WAS ADDRESSED HERE:**

| NAME | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|------|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|

**IF THIS NOTICE WAS MAILED TO AN ADDRESS OTHER THAN YOUR CURRENT ADDRESS, PLEASE NOTE THE ADDRESS HERE:**

| ADDRESS: | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |
|----------|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|--|
| CITY/ST/ZIP: | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | | |

SIGNATURE: _____

**PLEASE SEND BACK THE ENTIRE PAGE**