UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-61140-Civ-Ungaro/Torres

RODOLFO CAPOTE,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

    Defendant.
_____/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-20264-Civ-Ungaro/Torres

BRIAN C. DAWSON,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,
and JOHN DOES I-V,

    Defendants.
_____/

**BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED AND VERIFIED
MOTION FOR AN AWARD OF COSTS AND ATTORNEY FEES**

**I.    PROCEDURAL HISTORY**

On July 2, 2010, Plaintiff Rodolfo Capote filed his Complaint (DE 1) alleging that

Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

("FDCPA"). On July 14, 2010, Plaintiffs Brian C. Dawson and Natalie J. Dawson filed their Complaint (DE 1), alleging the same. On January 13, 2011, Defendant and Plaintiff's Natalie J. Dawson and Brian C. Dawson stipulated to a dismissal with prejudice of Plaintiff Natalie J. Dawson's claims. On February 17, 2011, Plaintiff Rodolfo Capote and Plaintiff Brian C. Dawson filed Joint Motions with the Defendant to consolidate their cases. (DE 18 (Capote), DE 39 (Dawson)). On June 23, 2011, the Court granted the Motions to Consolidate (DE 27 (Capote), DE 44 (Dawson)).

Preliminary Approval of the proposed class settlement was granted on June 23, 2011 (DE 26 (Capote)). The Final Fairness Hearing was held on September 30, 2011. The Order Granting Final Approval of the Class Settlement was granted on September 30, 2011 (DE 30 (Capote), DE 28 (Dawson)).

Accordingly, Plaintiffs are the prevailing party in this action and Plaintiffs now seek a judgment for attorney's fees and costs.

## II.   STATEMENT OF FACTS

In this litigation, Plaintiffs were represented by Donald A. Yarbrough, O. Randolph Bragg, Donald E. Petersen, and Brian L. Bromberg.

Mr. Bromberg has expended a total of 14.2 hours on behalf of Plaintiffs. See Declaration of Plaintiffs' Attorney Brian L. Bromberg in Support of Approval of the Class Action Settlement and Award of Attorney's Fees and Costs.

Mr. Yarbrough has expended a total of 27.46 hours on behalf of Plaintiffs. See

2

Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorney's Fees.

Mr. Petersen has expended a total of 66.4 hours on behalf of Plaintiffs. <u>See</u> Affidavit of Counsel in Support of Plaintiffs' Motion for Attorney's Fees and Costs

Mr. has expended a total of 57.1 hours on behalf of Plaintiffs. Plaintiffs are also seeking 0.4 hours expended by paralegal, Shannon Carter. <u>See</u> Declaration of Attorney O. Randolph Bragg in Support of An Award of Costs and Attorney's Fees. Thus the attorney fees Plaintiffs seek are appropriate to the litigation of the FDCPA claim.

The hourly rate for the services provided by Brian L. Bromberg is $350.00 per hour. The reasonable attorney fee for the services of Brian L. Bromberg in this matter is $4,970.00 (14.2 hours x $350/hour). <u>See</u> Declaration of Plaintiffs' Attorney Brian L. Bromberg in Support of Approval of the Class Action Settlement and Award of Attorney's Fees and Costs.

The hourly rate for the services provided by Donald A. Yarbrough is $350.00 per hour. The reasonable attorney fee for the services of Donald A. Yarbrough in this matter is $9,611.00 (27.46 hours x $350/hour). Mr. Yarbrough incurred costs and litigation expenses of $380.00 in prosecution of this matter. <u>See</u> Declaration of Donald A. Yarbrough in Support of Plaintiff's Motion for Award of Costs and Attorneys' Fees.

The hourly rate for the services provided by Donald E. Petersen is $350.00 per hour. The reasonable attorney fee for the services of Donald E. Petersen in this matter is

$23,240.00 (66.4 hours x $350/hour). Mr. Petersen incurred costs and litigation expenses of $350.00 in prosecution of this matter. See Affidavit of Counsel in Support of Plaintiffs' Motion for Attorney's Fees and Costs.

The hourly rate for the services provided by O. Randolph Bragg is $480.00 per hour. The reasonable attorney fee for the services of O. Randolph Bragg in this matter is $27,408.00 (57.1 hours x $480/hour). Mr. Bragg incurred costs and litigation expenses of $10.00 in prosecution of this matter. See Declaration of Attorney O. Randolph Bragg in Support of An Award of Costs and Attorney's Fees.

The hourly rate for the services provided by Shannon Carter is $120.00 per hour. The reasonable fee for the services of Shannon Carter in this matter is $48.00 (0.4 hours x $120/hour). See Declaration of Attorney O. Randolph Bragg in Support of An Award of Costs and Attorney's Fees..

Under the FDCPA, a prevailing Plaintiff is entitled to attorney fees and costs incurred in the litigation of this Motion for Attorney Fees and Costs, and, accordingly, Plaintiffs will file a supplemental Declaration once Defendant has filed its opposition and Plaintiffs have filed their reply detailing the additional time spent on the litigation of this motion.

Plaintiffs respectfully request that this Court award reasonable attorney fees for the services of Plaintiffs' counsel in the amount of $65,277.00 ($4,970 + $9,611.00 + $23,240.00 + $27,408.00 + $48.00) and costs of $740.00 ($380.00 + $350.00 + $10.00)

for a total of $66,017.00, plus attorney's fees and costs incurred in the litigation of this motion, to be filed by supplemental declaration.

## III. STATEMENT OF QUESTION PRESENTED

Are Plaintiffs entitled to an award of reasonable attorney's fees and costs? Plaintiffs respectfully submit that this question should be answered in the affirmative.

## IV. ARGUMENT

### A. PLAINTIFFS WERE SUCCESSFUL IN THIS ACTION.

The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer.

> . . . any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of--[actual damages] [statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3).

Regarding the FDCPA, Plaintiffs have obtained in excess of the maximum amount of statutory damages permitted by law with respect to the FDCPA for themselves, and an aggregate $25,000 for the putative class. Accordingly their recovery has been excellent. In this case, Plaintiffs sought statutory damages only, not actual damages.

In litigation pursuant to the Fair Debt Collection Practices Act, the Second Circuit stated "the award of attorney's fees to Plaintiff for a debt collector's violation of "any provision" of the FDCPA is mandatory" *Pipiles v. Credit Bureau of Lockport, Inc.*, 886

F.2d 22, 28 (2d Cir. 1989), citing *Emanuel v. American Credit Exchange*, 870 F.2d 805, 809 (2d Cir. 1989).  "Under the Fair Debt Collection Practices Act ("FDCPA"), the prevailing Plaintiff is entitled to `a reasonable attorney's fee as determined by the court.' 15 U.S.C. §1692k(a)(3).  Such an award is mandatory under the FDCPA." *Edwards v. National Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. 1995) (citations omitted). As the prevailing party in this case Plaintiff is entitled to an award of costs and reasonable attorney fees.  *Thorpe v. Collection Information Bureau, Inc.*, 963 F.Supp. 1172, 1174 (S.D.Fla. 1996).

Given the structure of the section, attorney fees should not be construed as a special or discretionary remedy, rather, the Act mandates an award of attorney fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general. *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  *In re Martinez*, 266 B.R. 523, 537 (Bankr.S.D.Fla. 2001) *aff'd* 271 B.R. 696 (S.D.Fla. 2001). See also, *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 235 (1st Cir. 1990).

    **B.    PLAINTIFFS' ATTORNEYS ARE TO BE AWARDED FEES PURSUANT TO THE LODESTAR FORMULA.**

The U.S. Supreme Court has explained the calculation for an award of attorney fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  The calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

*Hensley v. Eckerhart*, 461 U.S. 424, 433; 103 S. Ct. 1933, 1939; 76 L. Ed. 2d 40 (1983). Also, see: *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174. Although this decision, and others cited hereinafter, arise in the context of the Civil Rights Attorney's Fees Award Act, 42 U.S.C. §1988, these criteria are equally applicable here. "The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a `prevailing party.' " *Hensley v. Eckerhart,* supra at 1939, n.7. "We have stated in the past that fee-shifting statutes' similar language is `a strong indication that they are to be interrupted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754; 109 S. Ct. 2732, 2735 n.2.; 105 L. Ed. 2d 639 (1989) (quoting *Northcross v. Memphis Bd. of Education*, 412 U.S. 427, 428; 93 S. Ct. 2201, 2202; 37 L. Ed. 2d 48 (1973)). The multiplication of the reasonable number of hours expended times the reasonable hourly rate is referred to as the "lodestar." *Resolution Trust Corp. v Hallmark Builders, Inc.*, 836 F.2d 114, 1147 (11th Cir. 1993); *Friend v. Kolodzieczak*, 72 F.3d 1386, 1389 (9th Cir. 1995); *Thorpe v. Collection Information Bureau, Inc.*, supra at 1174.

Brian L. Bromberg's time in this litigation totaled 14.2 hours. The reasonable hourly rate for Mr. Bromberg's services in $350.00 per hour. The lodestar calculation for the services of Brian L. Bromberg in this matter is $4,970.00 (14.2 hours x $350/hour).

Donald A. Yarbrough's time in this litigation totaled 27.46 hours. The reasonable hourly rate for Mr. Yarbrough's services is $350.00 per hour. The lodestar calculation for

the services of Donald A. Yarbrough in this matter is $9,611.00 (27.46 hours x $350/hour). Mr. Yarbrough's firm also incurred $380.00 as costs and expenses of this litigation.

Donald E. Petersen's time in this litigation totaled 27.46 hours. The reasonable hourly rate for Mr. Petersen's services is $350.00 per hour. The lodestar calculation for the services of Donald E. Petersen in this matter is $23,240.00 (66.4 hours x $350/hour). Mr. Petersen's firm also incurred $350.00 as costs and expenses of this litigation.

O. Randolph Bragg's time in this litigation totaled 57.1 hours. The reasonable hourly rate for Mr. Bragg's services is $480.00 per hour. The lodestar calculation for the services of O. Randolph Bragg in this matter is $27,408.00 (57.1 hours x $480/hour). Mr. Bragg's firm also incurred $10.00 as costs and expenses of this litigation.

Shannon Carter's time in this litigation totaled 0.4 hours. The reasonable hourly rate for Ms. Carter's services is $120.00 per hour. The lodestar calculation for the services of Shannon Carter in this matter is $48.00 (0.4 hours x $120/hour).

The hours Plaintiffs seek are appropriate to the litigation of the FDCPA claim. This amount of time is reasonable.

Thus, the total lodestar calculation for the award of attorneys' fees to the Plaintiff is $65,277.00 ($4,970 + $9,611.00 + $23,240.00 + $27,408.00 + $48.00) and costs of $740.00 ($380.00 + $350.00 + $10.00) for a total of $66,017.00, plus attorney's fees and costs incurred in the litigation of this motion, to be filed by supplemental declaration.

    **C.**    **THE LODESTAR MAY NOT BE REDUCED**

## DUE TO THE AMOUNT OF THE JUDGMENT.

Plaintiffs seek an award of attorneys' fees based upon the lodestar formula. The Defendant may, however, suggest that a lesser amount is appropriate.

### 1.     Previously Established Rates Are Appropriate for Plaintiff's Counsel.

The U.S. Supreme Court has stated: "The statute and legislative history establish that `reasonable fees' under §1988 are to be calculated according to the prevailing market rates in the relevant community, regardless of whether Plaintiff is represented by private or non-profit counsel." Blum v. Stenson, supra, 465 U.S. at 895, 104 S. Ct. at 1547 (footnote omitted).  "In order to encourage able counsel to undertake FDCPA cases, as Congress intended, it is necessary that counsel be awarded fees commensurate with those which they could obtain by taking other types of cases . . . Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." Tolentino v. Friedman, 46 F.3d 645, 652-653 (7th Cir. 1995).

The Seventh Circuit reversed a District Court's denial of attorney's fees even though the Plaintiff only recovered $100.00 ($50.00 each) as FDCPA statutory damages and remanded for determination of an award of attorney fees. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997).  Of course, the amount of reasonable attorneys fees awarded pursuant to the FDCPA is left to the sound discretion of the judge. Schimmel v. Slaughter, 975 F.Supp. 1481, 1484 (M.D.Ga. 1997).

### 2.     The Award of Attorneys' Fees Is Not Limited by the Amount of Damages.

As long as the Plaintiff is successful, i.e., recovers more than nominal damages, the Plaintiff should be awarded attorneys fees pursuant to a lodestar calculation. In this case, Plaintiffs recovered well in excess of the maximum amount of statutory damages to which they are entitled under the FDCPA, and an aggregate $25,000 for the putative class. Plaintiffs sought only statutory damages in this case; they did not seek actual damages.

"In the absence of any indication that Congress intended to adopt a strict rule that attorney's fees under §1988 be proportionate to damages recovered, we decline to adopt such a rule ourselves." City of Riverside v. Rivera, 477 U.S. 561, 581; 106 S. Ct. 2686, 2697; 91 L. Ed. 2d 466 (1986) (footnote omitted).  Also see: Quaration v. Tiffany & Co., 166 F.3d 422 (2d Cir. 1999); Zagorski v. Midwest Billing Services, Inc., supra.  The benefits to the public as a whole resulting from lawsuits which encourage compliance with statutory provisions are more important than relatively small damage awards. Indeed, when a provision for counsel fees is included in a regulatory act, it is a recognition that enforcement of the statute would be unlikely if an individual had to pay his or her own attorney fees.  The Court quoted Senator Tunney's remarks in the Congressional Record:

> If the citizen does not have the resources, his day in court is denied him; the congressional policy which he seeks to assert and vindicate goes unvindicated; and the entire nation, not just the individual citizen, suffers.

City of Riverside v. Rivera, supra at 477 U.S. at 575, 106 S. Ct. at 2694 (citation omitted).

The Third Circuit amplified this thought stating:

> Congress provided fee shifting to enhance enforcement of important civil rights, consumer-protection, and environmental policies. By providing competitive rates we assure that attorneys will take such cases, and hence increase the likelihood that the congressional policy of redressing public interest claims will be vindicated.

*Student Public Interest Research Group v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988). "Congress has relied on such Plaintiffs to act as private attorneys general." Id., at 1450 n.13. Also see *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991); *In re Martinez*, supra at 537.

The amount of damages awarded often has borne no relation to the amount of attorney fees granted. "[A]ttorney's fees awarded by District Courts have `frequently outrun the economic benefits ultimately obtained by successful litigants.'" *Evans v. Jeff D.*, 475 U.S. 717, 735; 106 S. Ct. 1531, 1541; 89 L. Ed. 2d 747 (1986) (citation omitted). Upon finding a statutory violation and damages, the attorney fees award should be made in the lodestar amount. *Johnson v. Eaton*, 80 F.3d 148 (5th Cir. 1996).

For example, in *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D. Fla. 2006) the Court awarded attorney fees of $38,678.00 where the Plaintiff recovered statutory damages of $1,000.00 for violation of the Fair Debt Collection Practices Act and $1,000.00 for violation of the Florida Consumer Collection Practices Act. The Southern District of Florida affirmed the Bankruptcy Court's award of attorney fees of $29,037.50 where the Plaintiff recovered

FDCPA statutory damages of only $1,000.00  In re Martinez, supra at 544 aff'd 271 B.R. 696 (S.D.Fla. 2001). In Gradisher v. Check Enforcement Unit, Inc., 2003 U.S. Dist. LEXIS 753 (W.D.Mich., Jan. 22, 2003), $77,680.44 was awarded although the Plaintiff recovered only $1,000.00.  In Armstrong v. The Rose Law Firm, P.A., 2002 WL 31050583 (D.Minn., Sept. 5, 2002), the District Court approved the award of $43,180.00 in attorney fees where the Plaintiff recovered $1,000.00 in statutory damages.  In Perez v. Perkins, 742 F.Supp. 883 (D. Del. 1990), the District Court awarded $10,110.00 in attorney fees where the Plaintiff's recovery was only $1,200.00.

D. **PLAINTIFFS' ATTORNEYS ARE ENTITLED TO AN AWARD OF COSTS AND LITIGATION EXPENSES**

Plaintiffs have requested the award of costs and litigation expenses in addition to an award of attorneys' fees.

The FDCPA grants the successful Plaintiff "the costs of the action." 15 U.S.C. §1692k(a)(3). The costs incurred were necessary to the litigation.

Thus, the Plaintiffs' litigation expenses and costs are compensable.

E. **PLAINTIFFS SEEK AN AWARD OF ATTORNEYS' FEES FOR TIME EXPENDED IN THE LITIGATION OF THIS MOTION.**

The Declarations submitted by Plaintiffs' attorneys details the costs and time expended in this litigation but not the fees and costs incurred in bringing this motion. Plaintiffs request leave to file a supplemental Declaration detailing the time expended in the litigation of this Motion. An award of fees is appropriate for the time expended in pursuing a Motion for an Award of Attorney Fees. See Khalilah M. Mendez v. Allied

12

*Interstate, Inc.*, Case No.: 07-22516-Civ-King/Bandstra (S.D.Fla., April 16, 2008); *Monica I. Barreras v. Viking Collection Service, Inc*., Case No.: 05-61855-Civ-Marra/Seltzer (S.D.Fla., October 23, 2007); *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.:  04-61196-Civ-Jordan/Brown (S.D. Fla. 2006); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Tyler Business Servs., Inc. v. N.L.R.B.*, 695 F.2d 73 (4th Cir. 1982); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979); *In re Burlington N., Employment Practices Litig*., 832 F.2d 430 (7th Cir. 1987);  *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987).  Plaintiffs' counsel will submit a Supplemental Declaration for an Award of Attorney Fees incurred in the litigation of this motion.

## VII.  CONCLUSION

Based upon the lodestar calculation, attorney fees should be awarded to Plaintiffs' counsel in the amount of $65,277.00 ($4,970 + $9,611.00 + $23,240.00 + $27,408.00 + $48.00) and costs of $740.00 ($380.00 + $350.00 + $10.00) for a total of $66,017.00, plus attorney's fees and costs incurred in the litigation of this motion, to be filed by supplemental declaration.

                              Respectfully submitted,

                              DONALD A. YARBROUGH, ESQ.
                              Attorney for Plaintiff
                              Post Office Box 11842

        Fort Lauderdale, Florida 33339
        Telephone: (954) 537-2000
        Facsimile: (954) 566-2235
        donyarbrough@mindspring.com

        <u>s/Donald A. Yarbrough</u>
        Donald A. Yarbrough, Esq.
        Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-61140-Civ-Ungaro/Torres

RODOLFO CAPOTE,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,

    Defendant.
_____/

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-20264-Civ-Ungaro/Torres

BRIAN C. DAWSON,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

NATIONAL ENTERPRISE SYSTEMS, INC.,
and JOHN DOES I-V,

    Defendants.
_____/

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on <u>November 10, 2011</u> I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                <u>s/Donald A. Yarbrough</u>
                                                Donald A. Yarbrough, Esq.

## SERVICE LIST

Ms. Dayle M. Van Hoose, Esq.
Sessions, Fishman, Nathan & Israel, LLC
Suite 195
3350 Buschwood Park Drive
Tampa, FL 33618
Telephone: 813-890-2463
Facsimile: 866-466-3140

<u>Via Notices of Electronic Filing generated by CM/ECF</u>